UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THE ESTATE OF JOHN L. McINTYRE, ET AL., | CIVIL ACTION NO. |
| THE ESTATE OF RICHARD CASTUCCI, ET AL., | 01-CV-10408-RCL |
| THE ESTATE OF DEBRA DAVIS, | 02-CV-11312-RCL |
| THE ESTATE OF MICHAEL DONAHUE, ET AL., | 02-CV-11911-RCL |
| THE ESTATE OF EDWARD BRIAN HALLORAN, | 01-CV-10433-RCL |
| THE ESTATE OF DEBORAH HUSSEY, ET AL., | 01-CV-11346-RCL |
| THE ESTATE OF LOUIS LITIF, ET AL., | 03-CV-10087-RCL |
| THE ESTATE OF EDWARD BENNETT, ET AL., and | 02-CV-11791-RCL |
| THE ESTATE OF WALTER BENNETT, | 03-CV-11443-RCL |
|  | 04-CV-10011-RCL |

Plaintiffs,

v.

THE UNITED STATES OF AMERICA, ET AL.,

Defendants.

CASE MANAGEMENT ORDER NO.3:
DISPOSITIVE MOTIONS, DE-CONSOLIDATION,
AND THE TRIAL OF THE MCINTYRE CASE

LINDSAY, District Judge.

As the parties may be aware, since March, 2001, this court has presided over fourteen related cases in which plaintiffs have alleged government misconduct in the relationship between certain FBI agents, on the one hand, and James J. Bulger and Stephen J. Flemmi, on the other, allegedly resulting in the denial of constitutional protections to and the death of the plaintiffs' decedents (the "*FBI Cases*"). As of the date of this order, nine such cases remain to be adjudicated.

By an order dated December 1, 2005, the court modified the existing scheduling order in the seven *FBI Cases* I had consolidated for pretrial purposes, to permit pending discovery motions to be resolved and to set February 13, 2006 as the deadline for filing dispositive motions. By this order, the court is resetting that deadline to February 24, 2006, subject to the remaining provisions of this order pertaining to the procedure for the filing of dispositive motions. The deadline for filing oppositions to dispositive motions is set at March 20, 2006. Papers in reply to oppositions may be filed only with leave of court, and leave to file reply papers shall be filed not later than March 30, 2006. Any motion for leave to file papers in reply to an opposition to a dispositive motion must include the papers that the party seeking leave proposes to file. Unless the court otherwise orders, all papers filed in support of, or in opposition to, any dispositive motion shall comply with the applicable provisions of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Massachusetts ("Local Rules") and this order. Any paper that fails to meet these requirements may be disregarded by the court.

As February 24 approaches and the prospect of an avalanche of dispositive motions looms, the court has determined that the adoption of the following procedure best assures the orderly and expeditious resolution of these cases. Accordingly, the court makes the following orders.

1. As of February 24, 2006, the seven cases consolidated under the caption *Estate of John L. McIntyre, et al. v. United States of America, et al.*, 01-CV-10408-RCL will cease to be consolidated. Trial of the single case captioned *Estate of John L. McIntyre, et al. v. United States of America, et al.*, 01-CV-10408-RCL (the "*McIntyre Case*") will commence at 9 a.m. on June 5, 2006 in courtroom 11 of the John Joseph Moakley United States Courthouse in Boston

("courtroom 11"). The court has scheduled the case for a trial of no more than four weeks, with 9 a.m. to 1 p.m. trial days. The final pretrial conference in the case will be held at 2 p.m. on May 18, 2006 in courtroom 11. The court shortly will issue a detailed order for the pretrial conference and trial.

    2.    Only the parties in the *McIntyre Case* are permitted to file dispositive motions between the date of this order and February 24, 2006. Until further order of the court, no dispositive motion may be filed in <u>any</u> of the other *FBI Cases*. It is the court's intention that the filing of dispositive motions in the other *FBI Cases* will be guided and informed by the resolution of such motions in the *McIntyre Case*.

    3.    The court assumes that the dispositive motions that may be filed on or before February 24 , 2006 will be motions for summary judgment pursuant to Fed. R. Civ. P. 56. Accordingly, not later than February 3, 2006, counsel for <u>all</u> represented parties in the *McIntyre Case* must meet (the "pre-motion meeting") to discuss the scope of any dispositive motion the parties intend to file. *See* Local Rule 7.1. The court requires that the pre-motion meeting be held so that any dispositive motion ultimately filed will be limited to those matters that truly can be resolved without a trial. To that end, the pre-motion meeting shall include the following matters.

    a.    The parties proposing to move for summary judgment shall present what they believe to be material facts as to which there is no genuine issue, and shall explain why they believe they are entitled to judgment as a matter of law.

    b.    The parties planning to oppose the proposed motions for summary judgment shall identify the material facts as to which there is a genuine issue and/or the reasons for which the moving parties would not be entitled to judgment as a matter of law.

  c. The parties shall discuss the matters set forth in "a" and "b" above with a view to determining whether those matters may be resolved without the filing of a dispositive motion or whether the issues raised by any proposed dispositive motion, or opposition thereto, can be narrowed before any dispositive motion is filed.

  d. In the event that a party proposes to file a dispositive motion, other than a motion for summary judgment, the moving party, not later than February 3, 2006, shall convene a pre-motion meeting of all other parties likely to be affected by or interested in the motion, for the purpose of discussing, in a manner similar to that described in "c" above, the issues to be raised by the proposed motion.

  e. If, as a consequence of the pre-motion meeting or otherwise, a moving party determines generally, or as to any particular issue, that there are not good grounds for a dispositive motion, then the moving party shall take such steps as are necessary to prevent the taxing of the court with unnecessary motions or issues. Similarly, if, as a consequence of the pre-motion meeting or otherwise, an opposing party determines generally, or as to any particular issue, that there are not good grounds for an opposition, then the opposing party shall take such steps as are necessary to prevent the taxing of the court with unnecessary oppositions or issues.

  f. The parties shall discuss the possibility of settlement. Counsel for each represented party must confer with his or her client prior to the pre-motion meeting and come to the pre-motion meeting with a specific demand or offer of settlement to discuss with opposing parties.

 4. Not later than February 17, 2006, any party planning to file a dispositive motion in the *McIntyre Case* shall file, as compliance with Local Rule 7.1, a report of the pre-motion meeting, which shall include the following information:

      a.      the names of the attendees at the meeting and the persons whom the attendees represented;

      b.      the date, time, place, and length of the meeting;

      c.      a list of the dispositive motions the party plans to file, a brief statement of the grounds of each motion, and a summary of the opposing parties' objection to each such motion;

      d.      a summary of any factual or legal disputes the parties were able to resolve during the pre-motion meeting; and

      e.      a confirmation that the demands and offers of settlement were made, and a report on the status of settlement discussions.

      5.      To the extent that there are factual matters and/or issues of law that are common to two or more parties with respect to any dispositive motion or opposition thereto to be filed in accordance with this order, the affected parties are directed to file jointly any papers that address the common matters. Such parties may file individual papers only to address factual matters and/or issues of law that are unique as applied to the filing party.

      SO ORDERED.

      /s/ REGINALD C. LINDSAY
      United States District Judge

DATED: January 12, 2006